**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ARIANA W. and AMANI W., by and through** | ) | |
| **their Mother and next friend, ANGELA W.,** | ) | |
| **and each Individually** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No:** |
| | ) | |
| **BOARD OF EDUCATION OF PLAINFIELD** | ) | **Judge :** |
| **COMMUNITY CONSOLIDATED** | ) | |
| **SCHOOL DISTRICT 202** | ) | **Magistrate:** |
| | ) | |
| **&** | ) | |
| | ) | |
| **ILLINOIS STATE BOARD OF EDUCATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

NOW COME Plaintiffs, Am.W. & Ar.W., both minor students, by their Mother and Next Friend, A.W., and Each Individually, by and through Sheri L. Bianchin and Co-counsel Joseph Daniel Thomas, Attorney at Law, and hereby submit this complaint against the Plainfield C.C.S.D. No. 202 ("District" or "School District"), and the Illinois State Board of Education ("ISBE"), and say as follows:

### PARTIES

1.      Plaintiff Angela W. ("Parent") is the Mother of Ariana W. and Amani W., and she resides in Plainfield, Illinois within the boundaries of the School District.

2.      Plaintiffs Ariana W. and Amani W. are identical twins and 14-year-old students, are both identified as eligible for special education and related services as students with cerebral palsy and multiple disabilities, have impaired walking and a tiring

1

gate, occasionally use a wheel chair for mobility, and reside within the boundaries of the School District.

3.     Defendant School District is a K-12 public school district that is a body politic with its administrative offices located in Plainfield, Illinois, organized pursuant to the Illinois School Code, 105 ILCS *511-1, et seq.*

4.     Defendant ISBE  is the state agency authorized and required to establish a procedure for resolving disputes between students, their parents, and local school districts and is the official custodian of the certified administrative record for due process special education hearings held under the Individuals With Disabilities Education Improvement Act, 20 U.S.C. § 1400, *et seq.*("IDEA").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. §§ 1415(i)(2)(A) and 1415 (e )(2)(F)(iii).

6.      Venue properly is situated in this Court because the acts complained of occurred in the Northern District of Illinois.

## THE STATUTORY SCHEMES

7. The IDEA is an entitlement statute that was enacted to help ensure that children with disabilities in the United States are provided with a "free appropriate public education" in the "least restrictive environment."

8.      Section 1415(i)(2)(A) of the IDEA grants a party aggrieved by the findings and decision of a due process hearing the right to appeal the decision to a court of competent jurisdiction.

9. The 1973 Rehabilitation Act[1], as amended, has a Section 504 ("504") that is a nondiscrimination statute whereby units of local government, including a school district, receiving federal funds are prohibited from discrimination on the basis of disability. 504 introduces the concept of "program accessibility" and requires that where necessary, federal fund recipients remove architectural barriers when doing so makes the "educational" program accessible.

10. The Americans with Disabilities Act ("ADA") also outlaws discrimination due to disabilities by public entities, such as public schools, in the United States. (see U.S.C. Title 42, chapter 126, section 12101) and applies to all units of state and local government, regardless of whether those entities have received federal funds.

11. ADA's Title II specifically addresses units of local governments and includes two requirements related to this dispute: a.) Completion of a self-evaluation of existing sites, policies, and programs by January 26, 1993 (see section 35.105); and b.) Development of a transition plan identifying barriers at a local government site, how those will be removed, the employee responsible for removal, and the date by which removal will occur (see section 35.150(d)).

12. Both 504 and the ADA require accessible programs and architecturally accessible features.

13. Both the 504 and the ADA have outlawed retaliation: ADA has regulatory section prohibiting it; 504 implies it and has been construed as including the claim of retaliation.

---

[1] Section 504, Rehabilitation Act of 1973, 29 U.S.C. §794(b) (2006);. Regulations at 34 CFR 104, http://www2.ed.gov/policy/rights/reg/ocr/edlite-34cfr104.html

14. In Illinois, the programs and procedures to achieve state compliance with the IDEA are set forth in Article 14 of the Illinois School Code, 105 ILCS 5/14-1, *et seq.* Pursuant to those statutes, the State educational agency, ISBE, has established appropriate standards and rules which are set forth in Section 226 of the Illinois Administrative Code.

15. Also in Illinois, public schools are required to contain architecturally accessible features under some provisions of the Illinois Environmental Barriers Act (EBA) are more stringent than the ADA.

16. Therefore, CCSD 202 must adhere to the EBA and its code, the Illinois Accessibility Code, where Illinois requirements are more stringent than federal requirements.

## FACTS

17. During the first semester of 2012-2013 school year, Ariana and Amani were fifth grade students attending Elim Christian School ("Elim"), a private therapeutic day school serving students with disabilities from K-12, at the School District's expense.

18. Angela W. has been a tireless advocate for the disability rights of both identical twins who are both minors with severe disabilities with substantial mental impairments, and largely defenseless and unable to self-advocate effectively.

19. On or about December 13, 2013, the Mother filed a Due Process Complaint Notice requesting a due process hearing regarding both Amani W. and Ariana W.

20. On or about December 17, 2013, the ISBE-appointed Joseph P. Selbka as the IHO to hear the issues in the DPCN regarding Amani W. and Angela W., and numbered it as ISBE Case No. 2012-0511.

21. On or about January 9, 2014, IHO Selbka issued a decision in ISBE Case No.2012-0511 which was clarified and corrected for errors on January 22, 2014. See attached Exhibit 1, Decision and Order for Amani W. and Angela W.

22. The Decision and Order in ISBE Case No. 2012-0510 found in the Plaintiffs favor on some issues, and for the District as to other issues.

23. On or about December 17, 2013, the ISBE appointed Ann Breen-Greco as the IHO to hear similar issues in the DPCN regarding Ariana W. and Angela W., and numbered it as ISBE Case No. 2012-0510.

24. On or about May ____, 2014, IHO Ann Breen-Greco issued a decision in ISBE Case No. 2012-0510. See attached Exhibit 2, Decision and Order for Ariana W. and Angela W.

25. The Decision and Order in ISBE Case No. 2012-0510 dismissed all issues and refused hearing on them in their entirety.

## COUNT I - PARTIAL APPEAL
## OF FINAL DUE PROCESS DECISION REGARDING AMANI W. & ANGELA W.

26. Plaintiffs Amani W. and Angela W. incorporate by reference Paragraphs 1-25 of the Plaintiffs' Complaint and each document referenced below as if set out in full here.

27. IHO Selbka's decision should be reversed in part for the following reasons:

a. The hearing officer incorrectly interpreted the IDEA's regulations.

5

b. The hearing officer incorrectly found that inaccessibility did not affect the provision of FAPE for Am.W. and Ar.W.

28.     In these regards the Decision is without sufficient evidence and law, and should be reversed in part as to said incorrect rulings in the favor of Amani W. and Angela W.

## COUNT II – COSTS, INCLUDING ATTORNEY FEES

29.     The Plaintiffs Amani W. and Angela W. did win significant issues in the Decision and Order in ISBE Case No. 2012-0511.

30.     Relief amounted to more than $5,000.00 in awarded evaluations and services.

31.     The Plaintiffs Amani W. and Angela W. are prevailing parties in said case.

32.     The District violated the Plaintiffs' procedural safeguards under IDEA.

33.     The Plaintiffs pray that the Court find the District violated the Plaintiffs' procedural safeguards under IDEA.

34.     The Plaintiffs pray that the Court order the District to pay the Plaintiffs' costs for the hearing litigation under IDEA, including reasonable attorney's fees.

35.     The Plaintiffs pray that the Court order the District to pay the Plaintiffs' costs for litigating fees, including reasonable attorney fees.

## COUNT III – DISCRIMINATION
## AGAINST AMANI W. UNDER ADA & 504 DUE TO HER DISABILITY
## & AGAINST ANGELA W. DUE TO HER DISABILITY ADVOCACY.

36.     Plaintiffs Amani W. and Angela W. incorporate by reference Paragraphs 1-35 of the Plaintiffs' Complaint and each document referenced below as if set out in full here.

37.    Amani W. is an individual with a disability.

38.    Amani W. is otherwise qualified for special education and related services under IDEA within the District's public schools.

39.    Amani W. is covered by the nondiscrimination provisions of the ADA and 504.

40.    Amani W. has been subjected to acts and omissions constituting discrimination due to her disabilities.

41.    Said acts and omissions, *inter alia*, include being limited in her access to the programs and facilities of the District. See Exhibit 3, Inaccessibility Audit.

42.    Said inaccessibility has caused harm to Amani W. by her receipt of less access to public education than her nondisabled peers, and otherwise.

43.    The District has discriminated and retaliated against Angela W. for her vigorous and tireless advocacy for each of her identical twins by its actions and omissions, including said inaccessible programming and architectural features.

44.    Angela W. has been harmed due to said discrimination and retaliation by the District.

45.    Plaintiffs Amani W. and Angela W. pray this court to enjoin the District from maintaining inaccessible program and architectural features, and otherwise.

46.    The Plaintiffs pray that the Court order the District to pay the Plaintiffs' costs for this litigation, including reasonable attorney's fees.

47.    The Plaintiffs pray that the Court order the District to pay the Plaintiffs' costs for litigating fees, including reasonable attorney fees.

**COUNT IV – APPEAL**

**OF FINAL DUE PROCESS DECISION OF ARIANA W. AND ANGELA W.**

48.     Plaintiffs Ariana W. and Angela W. incorporate by reference Paragraphs 1-47 of the Plaintiffs' Complaint and each document referenced below as if set out in full here.

49.     On or about January 2014, ISBE-appointed IHO Ann Breen-Greco issued a Decision and Order regarding the issues presented by Ariana W. and Angela W. as to the free appropriate public education of Ariana W.

50.     IHO Breen-Greco's decision should be reversed for the following reasons:

a. The hearing officer incorrectly found that the IDEA's provision that the matter should be dismissed.

51.     In these regards, the Decision is without sufficient evidence and law, and said Plaintiffs pray that it is reversed in the favor of Ariana W. and Angela W.

52.     The Plaintiffs pray that the Court order the District to pay the Plaintiffs' costs for this litigation, including reasonable attorney's fees.

53.     The Plaintiffs pray that the Court order the District to pay the Plaintiffs' costs for litigating fees, including reasonable attorney fees.

**COUNT V – DISCRIMINATION**
**AGAINST ARIANA W. UNDER ADA & 504 DUE TO DISABILITY**
**& AGAINST ANGELA W. DUE TO HER DISABILITY ADVOCACY**

54.     Plaintiffs Amani W. and Angela W. incorporate by reference Paragraphs 1-53 of the Plaintiffs' Complaint and each document referenced below as if set out in full here.

55.     Ariana W. is an individual with a disability.

56.     Ariana W. is otherwise qualified for special education and related services under IDEA within the District's public schools.

57.     Ariana W. is covered by the nondiscrimination provisions of the ADA and 504.

58.     Ariana W. has been subjected to acts and omissions constituting discrimination due to her disabilities.

59.     Said acts and omissions, *inter alia*, include being limited in her access to the programs and facilities of the District. See Exhibit 3, Inaccessibility Audit.

60.     Said inaccessibility has caused harm to Ariana W. by her receipt of less access to education than her nondisabled peers, and otherwise.

61.     The District has discriminated and retaliated against Angela W. for her vigorous and tireless advocacy for Ariana W. by its actions and omissions, including said inaccessible programming and architectural features.

62.     Angela W. has been harmed due to said discrimination and retaliation by the District

63.     Plaintiffs Ariana W. and Angela W. pray this court to enjoin the District from maintaining inaccessible program and architectural features, and otherwise.

64.     The Plaintiffs pray that the Court order the District to pay the Plaintiffs' costs for this litigation, including reasonable attorney's fees.

65.     The Plaintiffs pray that the Court order the District to pay the Plaintiffs' costs for litigating fees, including reasonable attorney fees.

**COUNT VI – ARCHITECTURAL INACCESSIBILITY UNDER STATE LAW**

66.    Plaintiffs Amani W., Ariana W., and Angela W. incorporate by reference Paragraphs 1-65 of the Plaintiffs' Complaint and each document referenced below as if set out in full here.

67.    Said Plaintiffs have had an Accessibility Audit conducted which found 59 inaccessible features within the high school facility that Amani W. and Ariana are designated to use by the District.

68.    Many of these inaccessible features constitute violations of the Illinois Architectural Barriers Act.

62.    The Plaintiffs have been harmed by the presence of these architecturally inaccessible features.

69.    Said Plaintiffs pray for equitable and injunctive relief to remove these inaccessible features in a timely fashion.

70.    Said Plaintiffs pray for costs, including reimbursement of the cost of conducting the inaccessibility audit and attorney fees for this action.

**COUNT VII – TIMELY PRODUCTION OF REDACTED COPY**

**OF CERTIFIED RECORDS TO COURT BY ISBE**

71.    Plaintiffs Amani W. and Angela W. incorporate by reference Paragraphs 1-70 of the Plaintiffs' Complaint and each document referenced below as if set out in full here

72.    Plaintiffs here demand that the ISBE as the official custodian of the administrative record in the above-cited ISBE Cases Nos. 2012-0510 & 2012-0511

10

produce a certified copy of same to this honorable Court for use by the parties in this proceeding.

73.     Plaintiffs here further demand that such certified copy be properly redacted to eliminate any personally identifiable information of the minor Plaintiffs and their Mother, to the extent required by the F.R.C.P. and the LR-NDIL, so that record excerpts can be properly used in filings in this case.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prayer for relief is that this Court:

a. Immediately order the Defendant Illinois State Board of Education to produce to this Court in a timely fashion the properly redacted, certified administrative record in the two cases being appealed here: ISBE Nos. 2012-0510 & 2012-0511.

b. Enter judgment against Defendant  and in favor of the Plaintiffs with respect to all Counts in the Complaint;

c. Remand any remaining issues requiring administrative hearing to the ISBE for assignment to an ISBE-appointed IHO;

d. Enter equitable and injunctive relief to prevent the recurrence of the above-alleged denial of rights where available under law.

e. Order the District to pay costs, including reasonable attorney fees, to the extent allowed by law for each count above.

f. Order such other and further relief that the Court may deem just and proper.

Date submitted:  May 16, 2014

Respectfully submitted,

/s/ Sheri Lynn Bianchin

Sheri Lynn Bianchin, Esq.
Attorney for Defendants/Counter Plaintiffs
Voice-Advocacy
7302 Lakeside Ct.
Frankfort, IL 60423
ARDC No. 6208619
(708)717-8393
sbianchin@sbcglobal.net
sher_law@sbcglobal.net

JOSEPH DANIEL THOMAS
Attorney at Law
Lead Counsel for Defendants/Counter Plaintiffs
26034 S. Locust Pl.
Monee, IL 60449-8082
ARDC No. 6212202
312.296.8203 Fax 800.882.3714
j.thomaslaw.thomas42@gmail.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was filed on this day through the Court's CM/ECF system. Parties of record may obtain a copy of the paper through the Court's CM/ECF system.

<u>/s/ Sheri Lynn  Bianchin</u>

Sheri Lynn Bianchin, Esq.
Attorney for Defendants/Counter Plaintiffs
Voice-Advocacy
7302 Lakeside Ct.
Frankfort, IL 60423
ARDC No. 6208619
(708)717-8393
sbianchin@sbcglobal.net
sher_law@sbcglobal.net

JOSEPH DANIEL THOMAS
Attorney at Law
Lead Counsel for Defendants/Counter Plaintiffs
26034 S. Locust Pl.
Monee, IL 60449-8082
ARDC No. 6212202
312.296.8203 Fax 800.882.3714
j.thomaslaw.thomas42@gmail.com